# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SHAWN M. MURPHY,<br>    Petitioner, | Civil Action No. 1:08-cv-628 |
| vs. | Dlott, J.<br>Black, M.J. |
| MICHAEL SHEETS, WARDEN,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is now before the Court on the petition (Doc. 1), respondent's motion to dismiss (Doc. 6), petitioner's memorandum in opposition to the motion to dismiss (Doc. 7), petitioner's motion for summary judgment (Doc. 11), respondent's memorandum in opposition to the motion for summary judgment (Doc. 12), and petitioner's reply memorandum in support of summary judgment. (Doc. 13).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

In July 2004, petitioner was indicted on two counts of rape, each with a specification that the victim was less than ten years old. (Doc. 6, Exh. 1). At his arraignment, petitioner plead not guilty. On June 22, 2005, petitioner filed a *pro se* motion to dismiss the indictment for lack of statutory subject matter jurisdiction and failure to comply with Ohio Crim. R. 3. (Doc. 6, Exh. 2). Petitioner, through counsel, filed a motion for exculpatory evidence on June 24, 2005. (Doc. 6, Exh. 3). On November 23, 2005, the trial court overruled the motion for exculpatory evidence. (Doc. 6, Exh. 4).

Meanwhile, on August 11, 2005, petitioner filed a *pro se* writ of prohibition in the

Twelfth District Court of Appeals and the proceedings in the trial court were stayed. (Doc. 6, Exhs. 5 and 6). On October 6, 2005, the Court of Appeals dismissed the writ of prohibition. (Doc. 6, Exh. 7).

Petitioner, through counsel, filed a motion to dismiss for failure to provide a speedy trial pursuant to Ohio Rev. Code § 2941.401. (Doc. 6, Exhs. 8, 9). Following further briefing by the parties (Doc. 6, Exhs. 10, 11), the trial court overruled the motion to dismiss on February 6, 2006, finding there was no violation of petitioner's speedy trial rights. (Doc. 6, Exh. 12).

On February 10, 2006, petitioner, through counsel, entered a no contest plea to two amended charges of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b), both felonies of the first degree for an agreed sentence of ten years. The state *nolle prosequied* the specifications that the victim was under age ten. (Doc. 6, Exh. 13). The court accepted the plea and found petitioner guilty as charged. (Doc. 6, Exh. 14). On February 10, 2006, the trial court imposed the agreed sentence and sentenced petitioner to consecutive five year sentences on each of the two counts of rape, for a total sentence of ten years. (Doc. 6, Exh. 15). Petitioner was also found to be a sexually oriented offender. (Doc. 6, Exhs. 16).

**Direct Appeal**

Petitioner, represented by new counsel, filed a timely appeal to the Twelfth District Court of Appeals, Clinton County, Ohio. Petitioner raised the following assignments of error:

> 1. The trial court erred in failing to grant defendant's motion to dismiss for failure on part of the state to bring him to trial within 180 days in violation of Ohio Revised Code Section 2941.401.
>
> 2. The trial court erred in overruling Murphy's motion for exculpatory evidence.

(Doc. 6, Exhs. 17, 18). The State filed a response. (Doc. 6, Exh. 19). On May 1, 2007, the Ohio

Court of Appeals overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 6, Exh. 20).

On July 10, 2007, petitioner filed a *pro se* notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio. (Doc. 6, Exhs. 21). On September 13, 2007, the Supreme Court of Ohio denied petitioner's motion and dismissed his case. (Doc. 6, Exh. 22).

**Federal Habeas Corpus**

On September 15, 2008, petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court. (Doc. 1). Petitioner declared under penalty of perjury that he placed the petition for a writ of habeas corpus in the prison mail system on August 26, 2008. (Doc. 1 at 10). The petition sets forth two grounds for relief:

> **GROUND ONE:** Petitioner's constitutional right to a speedy trial was violated when the trial court failed to provide a speedy and public trial in accordance with the Ohio Constitution and the Constitution of the United States. Ohio Constitution Article I §10, Article I §16, United States Constitution Amendment VI (6).
>
> **GROUND TWO**: Petitioner's constitutional right to due process and a fair trial was violated when the trial court failed to allow petitioner use of exculpatory evidence and failed to follow statutory rules of service and notification. Ohio Constitution Article I § 5, Article I § 10, United States Constitution Amendment V (5) and XIV (14).

(Doc. 1).

**II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.**

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of: (A) the date on which

3

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One and Two of the petition assert constitutional violations which allegedly occurred during the state trial court proceedings. Since petitioner was aware of the facts underlying his claims by close of the trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner failed to file a timely appeal from the Ohio Court of Appeals' decision. Thus, under § 2244(d)(1)(A), petitioner's conviction became "final" on June 15, 2007, 45 days after the Ohio Court of Appeals' May 1, 2007 decision affirming the judgment of the trial court. (Doc. 6, Exh. 20).[1] *See Searcy v. Carter,* 246 F.3d 515, 518-519 (6th Cir. 2001). Therefore, the statute

---

[1] Under Ohio law, petitioner had 45 days to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

of limitations commenced running the following day on June 16, 2007, and expired one year later on June 16, 2008, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner filed his motion for delayed appeal in the Supreme Court of Ohio on July 10, 2007.[2] At this point, the statute of limitations had run for 24 days. The statute remained tolled until August 20, 2007, the date the Supreme Court of Ohio denied petitioner's motion for delayed appeal. (Doc. 6, Exh. 22). The statute resumed running on August 21, 2007 and expired 341 days later on July 27, 2008, a Sunday. Petitioner had until the following day, Monday, July 28, 2008, to file his federal habeas corpus petition. Fed. R. Civ. P. 6(a). His petition was not filed until August 26, 2008,[3] the date he placed the petition in the prison mail system. *See Houston v. Lack,* 487 U.S. 266, 276 (1988). Since his petition was filed 29 days after the statute

---

[2] Petitioner's motion for delayed appeal did not cause the AEDPA's statute of limitations to begin to run anew; it only tolled the statute for the time the motion was pending. *See DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006).

[3] Attached to the form habeas corpus petition is a typed "Motion for a Writ of Habeas Corpus to be Served Upon the Attorney General for the State of Ohio." (Doc. 1). Page 30 of the "Motion" contains a certificate of service signed by petitioner certifying that a true copy of the "Motion" was sent to the Ohio Attorney General on September 5th, 2008, suggesting that the earlier date of August 26, 2008 may not have been the date petitioner actually placed his petition in the prison mail system. Even when petitioner is given the benefit of the doubt that his petition was "filed" on August 26, 2008, his petition is nonetheless time-barred.

5

of limitations had expired, his petition is untimely and barred by the statute of limitations.

Contrary to petitioner's argument (Doc. 7 at 5), the statute was not tolled for the additional 90 days in which petitioner could have appealed the Supreme Court of Ohio's denial of his motion for delayed appeal to the United States Supreme Court. Petitioner's motion for delayed appeal to the Supreme Court of Ohio is considered to be a motion for post-conviction relief. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001). In *Lawrence v. Florida,* 549 U.S. 327 (2007), the Supreme Court held that the AEDPA statute of limitations period is not tolled for the 90 day period during which a petitioner could file a petition for certiorari seeking review of the denial of state *post-conviction relief.* 549 U.S. at 337.[4] Therefore, petitioner was not entitled to an additional 90 days of tolling of the statute during which he could have filed a certiorari petition.

The statute of limitations in this matter expired on July 28, 2008. Petitioner's habeas corpus petition was filed in this Court on August 26, 2008, and, accordingly, is barred by the statute of limitations.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights

---

[4] In contrast, "direct review" of a conviction includes review by the United States Supreme Court. *Lawrence,* 549 U.S. at 333; *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). When a petitioner on *direct appeal* files timely appeals to both the state court of appeals and the state supreme court, the statute of limitations begins to run when the 90 day period expires for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay*, 537 U.S. at 525; *Bronaugh,* 235 F.3d at 283.

6

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and quotation marks omitted). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner may establish equitable tolling in two ways: (1) through a showing of actual innocence under *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); or (2) through application of the factors set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap* to determine whether equitable tolling of the limitations period is appropriate:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner argues that he relied on an excerpt from the Ohio Attorney General's brief in an unrelated habeas corpus case which led him to believe that the statute of limitations is tolled during the 90 day time period for filing a certiorari petition to the United States Supreme Court. (Doc. 7 at 3-4, citing *Chuck Reardon v. Warden*, Case No. 3:08-cv-614 (N.D. Ohio, filed July 18, 2008)). The respondent in *Reardon* cited the Supreme Court's decision in *Lawrence* for the proposition that "[t]he statute of limitations begins to run when the petition's conviction becomes final. The petitioner then has ninety days to file a writ of certiorari to the U.S. Supreme Court, and the limitations period begins to run after that. *Lawrence v. Florida*, 127 S.Ct. 1079 (2007)." (Doc. 7 at 4)(citing Case No. 3:08-cv-614, Doc. 7 at 5). Based on *Reardon*, petitioner states he believed he had additional time within which to file his habeas corpus petition.

8

Petitioner's argument is based on a mistaken reading of the law as set forth in the *Reardon* brief. In *Reardon*, unlike the instant case, the petitioner *timely* appealed the Ohio Court of Appeals' decision to the Supreme Court of Ohio on direct review. (Case No. 3:08-cv-614, Doc. 7, Exh. 9). Since direct review for purposes of § 2244(d)(1)(A) encompasses review of a state conviction by the United States Supreme Court, *Lawrence*, 549 U.S. at 333; *Clay*, 537 U.S. 527-28, the petitioner in *Reardon* was entitled to the additional ninety days within which to file a petition for a writ of certiorari to the United States Supreme Court before his statute of limitations commenced.

In contrast, petitioner Murphy's direct review concluded when he failed to timely file a direct appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' decision. At that point, he had no right to seek a writ of certiorari in the United States Supreme Court. *See Bronaugh*, 235 F.3d at 283 ("A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup. Ct. R. 13."). Since Ohio's court of last resort is the Supreme Court of Ohio, and petitioner did not timely file an appeal to that court as part of his direct review, he had no right to seek a writ of certiorari. Therefore, he was not entitled to an additional 90 days before the start of the statute of limitations in his case under § 2244(d)(1)(A). Moreover, as explained above, since his motion for delayed appeal is considered a motion for post-conviction relief, *Searcy,* 246 F.3d at 519, he is not entitled to any additional tolling of the statute of limitations under § 2244(d)(2) during the pendency of a petition for certiorari to the United States Supreme Court. *Lawrence*, 549 U.S. at 337.

Petitioner's mistaken belief of fact and/or law to the contrary does not entitle him to

9

equitable tolling. Ignorance of the law, even for an incarcerated *pro se* petitioner, "is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.2004) (citing *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991)); *Warren v. Lewis,* 365 F.3d 529, 532 n. 2 (6th Cir. 2004). Likewise, neither a petitioner's unfamiliarity with the legal process nor his lack of education is sufficient to warrant equitable tolling. *See Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). *See also Jurado v. Burt,* 337 F.3d 638, 644-45 (6th Cir. 2003) (unreasonable and incorrect advice of attorney not grounds for equitable tolling); *Harvey v. Jones*, No. 03-10097-BC, 2004 WL 2567485, at *4 (E.D. Mich. Nov. 4, 2004) (equitable tolling not warranted where habeas petitioner was ignorant of correct calculation of limitations period), *aff'd*, *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). There is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. Petitioner's motion for summary judgment (Doc. 11) be **DENIED**.

3. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: May 12, 2009                     s/Timothy S. Black
   Kl                                  Timothy S. Black
                                       United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHAWN M. MURPHY,　　　　　　　　　　　　　　Civil Action No. 1:08-cv-628
　　Petitioner,

　　　　　　　　　　　　　　　　　　　　　　　　Dlott, J.
vs.　　　　　　　　　　　　　　　　　　　　　　Black, M.J.

MICHAEL SHEETS, WARDEN,
　　Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).